UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**Joseph Roberts,**

**On behalf of Himself and
all others similarly situated**

    **Plaintiffs**

    v.

**Integrated Mail Industries, Inc.**

    **Defendant.**

Case No.    18-cv-699

---

## COMPLAINT

---

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Integrated Mail Industries, Inc. ("Integrated Mail"), to seek redress for Integrated Mail's failure to pay legally required compensation to the Plaintiffs under the FLSA and Wisconsin law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4. This Court has personal jurisdiction over Integrated Mail because it is based in, and performs a substantial of work within this District; and because the Plaintiffs' claims arise from employment practices that occurred within this District.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

6. Plaintiffs are adult residents of the State of Wisconsin who were employed by Integrated Mail as hourly employees during the time period on or after May 4, 2015. A copy of the FLSA consent form signed by Named Plaintiff Roberts is attached to this Complaint.

7. Defendant Integrated Mail is a Wisconsin company with a principal place of business located in Milwaukee, Wisconsin.

8. Integrated Mail is an employer within the meaning of Wis. Stat. §109.03(1). Integrated Mail is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, performing work for clients outside the State of Wisconsin, and by purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin. At all relevant times, Integrated Mail has had annual gross volume of business at or above $1,000,000.

## FACTS

9. Defendant Integrated Mail maintains a facility of over 200,000 square feet in Milwaukee, Wisconsin ("Milwaukee Facility).

10. When the Plaintiffs report to the Milwaukee Facility for work, they are required to punch a time clock, before walking from the time clock to their work stations. After punching the

2

time clock, it would take the Plaintiffs between 20 seconds and 90 seconds to walk from the time clock to their work stations.

11. At the end of the workday, the Plaintiffs are required to walk from their work stations to the time clock, and then punch out at the time clock. It would take the Plaintiffs between 20 seconds and 90 seconds to walk from their work areas to the time clock.

12. The Plaintiffs were required by Integrated Mail to, and would perform work as soon as they arrived at their work stations in the morning, up to the time immediately before they departed their work stations for the time clock in the afternoon.

13. While the Plaintiffs sometimes were compensated from the time they punch in at the time clock until the time that they punch out at the time clock, Integrated Mail's managers sometimes adjusted the Plaintiffs' time punches by 3-10 minutes, resulting in the Plaintiffs receiving credit for fewer hours worked, when compared to their actual hours worked based on their actual punch times.

14. With very rare exceptions, adjustments to punch times were always in favor of Integrated Mail by reducing the employees' hours worked.

15. Because these adjustments to punch times far exceeded the amount of time required by the Plaintiffs to travel between the punch clock and their work stations, and because the Plaintiffs' hours worked sometimes were computed using their actual punch times, the punch time adjustments constituted rounding of the Plaintiffs' work time, rather than a deduction from the Plaintiffs' work time for their walking time.

16. With the exception of the rounding of work time, Integrated Mail maintained a custom and practice of compensating, and counting as time worked, time spent by the Plaintiffs traveling between the time clock and their work stations.

17. Even after the time punch adjustments, Integrated Mail nonetheless sometimes paid overtime pay to the Plaintiffs; so that the Plaintiffs would have been entitled to additional overtime pay, if their time punches were not adjusted to reduce their hours worked.

18. In addition to punching a time clock at the beginning and ending times of their shifts, the Plaintiffs also sometimes punched the time clock at the beginning and the conclusion of their meal breaks.

19. Time clock punches, which Integrated Mail would review to compute the number of hours worked by each employee during each workweek, sometimes showed that the Plaintiffs punched back in after lunch less than 30 minutes after they punched out for lunch.

20. Integrated Mail would deduct the actual lunch break time from the Plaintiffs' work time, regardless of whether its duration was 30 minutes, longer than 30 minutes, or shorter than 30 minutes; but would not deduct from the Plaintiffs' work time their walking time between the time clock and their work station immediately before and after their time card punches.

21. There is no collective bargaining agreement between Integrated Mail and its employees' collective bargaining representative so that Integrated Mail is not eligible to, and has not applied for a waiver pursuant to DWD §274.05.

22. During the majority of Plaintiff Roberts' meal breaks, Print Production Manager Patrick Gaffney would ask him questions concerning the status of his work. These interruptions,

4

which usually took 5 or more minutes to resolve, could occur at any time during Plaintiff Roberts' meal break.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff Roberts brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who were not paid the correct amount of overtime pay because of Integrated Mail's uniform policy of permitting its managers to adjust its employees' time clock punches, which almost always resulted in a change of the employee's work hours in favor of Integrated Mail.

24. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

25. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Integrated Mail; and were deprived of overtime pay as a result of Integrated Mail's uniform application of its policy of making time punch adjustments, which were almost always in its favor.

## CLASS ALLEGATIONS

26. Named Plaintiffs seek to represent a class of all employees of Integrated Mail who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons who worked as hourly employees for Integrated Mail during the time period on or after May 4, 2016.

27. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, at any given time Integrated Mail employed 70 hourly employees at its Milwaukee Plant, so that after taking employee turnover into account there are over 100 members in the proposed class.

28. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether Wisconsin law permits the rounding of time clock punches at all;

(b). Whether Wisconsin law permits a system that almost always rounds time clock punches in the employee's favor, even assuming Wisconsin law does permit the application of a neutral rounding policy;

(c). Whether under Wisconsin law a meal break of under 30 minutes in duration must be paid;

(d). Whether Integrated Mail, by reviewing its employees' time clock punches to compute their work hours, had notice that its employees sometimes took a meal break that was under 30 minutes in duration;

(e). The appropriate remedy for the application of Integrated Mail's uniform policies that violated Wisconsin law.

29. Roberts' claims are typical of those of the Wisconsin Unpaid Wage Class. Just like other class members, Integrated Mail adjusted Roberts' work time in its favor, and deducted from Roberts' time worked meal breaks that were under 30 minutes in duration.

30. Roberts will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Integrated Mail's common and uniform policies and practices

6

denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about Integrated Mail's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

32.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 31 of the Complaint.

33.     Integrated Mail is not permitted by the FLSA to maintain a scheme, under which employee time punches are almost always rounded in its favor; because the application of the scheme over time would, and did result in undercounting of its employees' hours worked.

34.     Because Integrated Mail maintained a custom and practice of counting as hours worked time spent by the Plaintiffs to travel between the time clock and their work stations, and because traveling between the time clock and the work stations was compensable work under the pre-Portal to Portal Act version of the FLSA, the Plaintiffs' time spent traveling between the time clock and their work stations pursuant to custom and practice must be counted as time worked under 29 U.S.C. §254(b).

35.     The Plaintiffs are therefore entitled to recover all additional overtime pay they would have received, if Integrated Mail determined their time worked using their time clock punches, and without adjusting the time clock punches in its favor.

7

36. Named Plaintiff Roberts experienced sufficiently frequent interruptions to his meal breaks, and the interruptions were of sufficient duration, so that Roberts' meal breaks were turned into time spent predominantly for the benefit of Integrated Mail, and therefore must be counted as time worked under the FLSA.

37. Roberts is therefore entitled to recover all additional overtime pay he should have received, if Integrated Mail counted his interrupted meal breaks as work time.

38. Since Integrated Mail did not have any, let alone reasonable grounds for believing that its policies of counting hours worked complied with the FLSA, the plaintiffs are entitled to 100% liquidated damages for all overtime pay that Integrated Mail owed to them. The Plaintiffs are also entitled to application of the three years statute of limitations for Integrated Mail's willful violations of the FLSA.

39. The plaintiffs are additionally entitled to their reasonable attorneys' fees and costs of bringing their FLSA claims against Integrated Mail.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

40. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 39 of the Complaint.

41. Unlike the FLSA, no Wisconsin statute or regulation authorizes an employer to roundoff, rather than pay in full, hours worked by its employees as shown by their time card punches.

42. Even if Wisconsin law is interpreted to be like the FLSA to permit a neutral system of rounding employee work times, Integrated Mail's adjustments to the time clock punches of the

8

Plaintiffs were almost always in its favor by reducing the Plaintiffs' hours worked, so that the adjustments were not neutral.

43. Pursuant to DWD §272.12(1)(a), which was promulgated by the DWD pursuant to authority granted by Wis. Stat. §103.02, the Plaintiffs are entitled to be paid at their regular rates for all of their work time, which became unpaid as a result of Integrated Mail's unlawful system of adjusting time clock punches by its employees.

44. The Plaintiffs are additionally entitled to recover all overtime pay they would have received, had time that they lost, as a result of Integrated Mail's unlawful system of adjusting time clock punches by its employees, been counted as time worked instead.

45. Pursuant to DWD §272.04(1)(d) and DWD §274.03, scheduled meal periods that ended up being less than 30 minutes in duration must be counted as time worked, for which no deductions may be made from the employees' compensation.

46. Integrated Mail acquired either actual or constructive knowledge that its employees sometimes took a meal break of less than 30 minutes in duration, because it would review each of the employees' time punches when computing their number of hours worked for payroll purposes.

47. The Plaintiffs therefore are entitled to additional compensation, at their regular rate of pay, for their meal breaks that were less than 30 minutes in duration.

48. Because Wis. Stat. §109.03(1) and (5) requires Wisconsin employers to pay its employees in full all promised and legally required wages during each pay period, the Plaintiffs may bring their claim for straight time and overtime pay required by law under said statute.

49. As a result of the established custom of treating the Plaintiffs' travel time between the time clock and their work stations as time worked, under Wis. Stat. §109.03(1) and (5) Integrated Mail may not deduct the Plaintiffs' walking time to offset its liability to the Plaintiffs.

50. Pursuant to Wis. Stat. §109.03(5), the Named Plaintiffs are entitled to maintain a lawsuit against Integrated Mail for all straight time and overtime wages that they are entitled to, but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(b), along with their reasonable attorneys fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Integrated Mail is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Integrated Mail is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 4th day of May, 2018.

/s/Yingtao Ho_____
Yingtao Ho
Nathan Eisenberg
Email: yh@previant.com
Attorneys for Plaintiffs
The Previant Law Firm S.C.

310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

11