UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH ROBERTS, Individually, and
on behalf of those similarly situated,

        Plaintiffs,

v.                                         Case No. 18-cv-699-pp

INTEGRATED MAIL INDUSTRIES, INC.,

        Defendant.

---

**ORDER REQUIRING PLAINTIFF TO PROVIDE
UNREDACTED TELEPHONE RECORDS**

---

**I. BACKGROUND**

The plaintiffs' original complaint in this putative class action suit alleged illegal rounding, improper deduction of meal breaks and unpaid interruption of meal breaks, in violation of the Fair Labor Standards Act (29 U.S.C. §201, *et seq.*) and Wis. Stat. §109.03. Dkt. No. 1. After the court denied the defendant's motion to dismiss, dkt. no. 18, and over a month after the defendant had answered the original complaint, dkt. no. 20, the plaintiffs (timely, by the deadline the court had set) amended the complaint, dkt. no. 23. The amended complaint alleges (in addition to the claims raised in the original complaint), that the defendant also "sometimes adjusted the Plaintiffs' time clock punches because it believed the Plaintiffs were not working for short periods of time during their scheduled work hours." Dkt. No. 23 at ¶17. The plaintiffs assert that the defendant "has never either prohibited its employees from taking short

1

breaks during their scheduled shift times, nor ever informed its employees that they could be disciplined for taking unauthorized short breaks during their shift times." Id. at ¶18. The plaintiffs concluded this allegation by asserting that "between the times when they punched in and punched out, the Plaintiffs would either walk between the time clock and their work stations or engaged in other work activities for the primary benefit of [the defendant]." Id. at ¶19. These allegations necessarily call into question what the plaintiffs were doing between the punch-in and punch-out times—whether they were, in fact, either walking to/from work stations or engaging in "other work activities for the primary benefit" of the defendant.

On January 11, 2019, the parties contacted the court and indicated that they had a disagreement about a discovery issue. The court was available for a phone hearing when they called. During the hearing, defense counsel informed the court that the defense had made a discovery demand for the named plaintiff's phone records—calls, texts and mobile usage—on November 8, 2018. The named plaintiff had objected unless the parties could hammer out a limited authorization. The parties met and conferred on January 2, but the authorization that resulted did not provide for cell tower site data or data as to the amount of mobile usage. Defense counsel asserted that the authorization also did not provide for the phone records for all the hours that the named plaintiff worked. Finally, the authorization indicated that the service provider would give the records to counsel for the plaintiff first. Defense counsel expressed concern that, with the named plaintiff's deposition scheduled for

2

January 18, 2019, the defense was not going to have the records it needed to be able to depose the plaintiff.

Plaintiff's counsel told the court that the plaintiff did not have access to his records. His service provider is Verizon. Counsel said he was going to have to subpoena the records from Verizon. Defense counsel questioned this assertion, arguing that someone he knew had Verizon as a provider, and that that person could access his mobile records by going to Verizon's web site and entering his user name and password. Nonetheless, the plaintiff's attorney asserted that the plaintiff did not have these records. Counsel stated that the plaintiff was willing to include in the subpoena request a request for cell tower site data and a request for non-data usage record. As for working hours, the plaintiff's counsel said that he was requesting records for usage between the hours of 6:30 a.m. and 8:30 p.m., because the plaintiff would not have been working outside of those hours.

Defense counsel interjected that the defendant's records showed some occasions when the plaintiff had clocked in as early as 5:15 a.m., and times when he'd clocked out as late as 10:00 p.m. Plaintiff's counsel responded that that had been in 2016, and that the plaintiff wasn't seeking damages for that year. Defense counsel responded that the complaint sought damages back to May of 2016. The court interrupted counsels' argument with each other and asked plaintiff's counsel to address the issue of why he was asking to have the documents sent to him first, rather than asking for simultaneous disclosure.

Plaintiff's counsel told the court that originally the plaintiff had agreed that all his phone records could be released to both parties. Four or five days earlier, however, the plaintiff had expressed to his lawyer concerns about his privacy rights. First, counsel said, the plaintiff did not believe that the defendant was entitled to see records of data relating to communications or activities that did not take place during his work hours. Second, the plaintiff had told his counsel that he'd like the chance to see for himself whether any of the communications or activities that had taken place during work hours had been personal; if so, he would concede that they were personal, but he wanted to redact them so that the defendant would not be able to determine the identity of people with whom he'd been communicating, or the nature of what he'd been doing.

The court wondered why, if what the subpoena requested was raw data such as numbers called, numbers calling in, and minutes of data usage, the plaintiff believed that the defendant could find out the identities of people with whom he'd been communicating, or what he'd been doing. Counsel responded that the defendant could conduct reverse look-ups on numbers or conduct other investigations of the raw data.

The court expressed concern that having the records go to the plaintiff for redaction before the defendant could see them would open a can of worms, in which the defendant would (justifiably) question whether the redactions were warranted, and whether the plaintiff may have redacted discoverable information. After some further back and forth, the court told the parties that it

4

would take the issue under advisement but would get them a decision shortly (given the proximity of the plaintiff's deposition).

## II. ANALYSIS

The scope of federal discovery is broad. Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(b)(2)(C) allows the court to limit the extent of discovery only if it is (a) cumulative or duplicative, (b) can be obtained from some other source that is more convenient, less burdensome or less expensive, (c) the party asking for the discovery has had ample opportunity to obtain the information in other ways through discovery, or (d) the discovery is outside the (broad) scope of Rule 26(b)(1).

The defendant's request for the phone records falls well within the scope of Rule 26(b)(1). The phone records are not privileged. They are relevant to the plaintiff's claim that the defendant docked him for personal activity when, in fact, he was either walking to and from his work station or performing work that was "primarily" for the defendant's benefit. The plaintiff already should have access to this information; the defendant does not. (Plaintiff's counsel never explained why the plaintiff could not obtain his own phone records from his own provider through his own account. The court understands that a

5

customer might not be able to get cell tower location data by accessing his online account, but it is not clear why one could not get the list of outgoing and incoming calls by accessing one's account online.) Information about what the plaintiff was doing on his phone during work hours is important in resolving the question of whether, as he has asserted, he was working (or walking to or from his work station) during all work hours. The court cannot see that the phone data is cumulative or duplicative. The least burdensome and expensive way to get the data is to get it from either the plaintiff's own account or from the service provider.

So—the defendant is entitled to the records. The only question is whether the plaintiff should get the records first and be able to redact them before forwarding them to the defendant. The plaintiff has provided only one rationale for departing from the usual simultaneous disclosure practice. The plaintiff has asserted that he has a privacy right in data usage that didn't take place during work hours, and that if he was conducting personal activities on the phone during work hours, he has a right to keep the nature of that activity private.

This argument ignores the fact that it is the *plaintiff* who has put his activities at issue. The plaintiff added these allegations to the amended complaint. It is he who has disputed the defendant's (alleged) belief that the plaintiffs were engaging in personal activities during work hours. The plaintiff cannot have it both ways. He cannot argue that he was not engaging in personal activity during work hours, but demand to be the sole source for determining what activity was personal, and whether it took place during work

6

hours. In fact, during the hearing on January 11, plaintiff's counsel implicitly conceded that the plaintiff may have been conducting personal activity during work hours, by indicating that if the plaintiff reviewed the record and saw personal activities during work hours, he would admit it, but wanted to redact the nature of the activity.

The plaintiff has the right to decide what claims he wishes to put at issue. Once at issue, however, the defense has the right to see what the plaintiff sees in determining whether there are facts to support the plaintiff's claims. The court will not allow the plaintiff to receive and redact the records prior to providing them to the defense. The defense is entitled to the records it has requested, and the plaintiff must turn them over unredacted.

Regarding time frame (whether records from 6:30 a.m. to 8:30 p.m. would cover all hours the plaintiff had worked): In the portion of the December 13, 2018 amended complaint that defines the parties, the plaintiffs are defined as people who were employed by the defendant as hourly employees "during the time period on or after May 4, 201**5**." Dkt. No. 23 at ¶6. Under the class allegations, the amended complaint defines the putative Rule 23 class as "[a]ll persons who worked as hourly employees for [the defendant] during the time period on or after May 4, 201**6**." Dkt. No. 23 at ¶31. The court does not know whether one of these dates is a typo—whether the plaintiffs meant May 2015 or May 2016. Either way, the complaint says nothing about limiting damages to 2017 and later. Nor does the complaint explain the significance of the May 4 date or explain when the named plaintiff began working for the defendant.

So—the amended complaint puts at issue phone records for either May 4, 2015 and later, or May 4, 2016 and later. Either way, if in 2015 or 2016 (whichever is the relevant year), the plaintiff clocked in before 6:30 a.m. or after 8:30 p.m., the defendant is entitled to phone records for the entire range of times the plaintiff worked.

As noted above, the parties informed the court that the named plaintiff's deposition was scheduled for this Friday, January 18, 2019. The defendant wishes to have these records available to use during the deposition. The court leaves it to the parties to work together in a professional manner to determine whether the deposition should be rescheduled.

The court **ORDERS** that the plaintiff shall turn over to the defendant his telephone records—including call information, text information, mobile usage, cell tower site data and non-data usage—without redaction. The subpoena (or any other mechanism used to request the data from the service provider) shall call for the information to be provided to both sides simultaneously. The plaintiff shall provide the information for the entire period referenced in the complaint, and for the full range of hours worked from the earliest clock-in time during the relevant period to the latest clock-out time.

Dated in Milwaukee, Wisconsin this 14th day of January, 2019.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **United States District Judge**